Ari H. Marcus, Esq.
Licensed to Practice in NJ & NY
Ari@MarcusZelman.com

Yitzchak Zelman, Esq.
Licensed to Practice in NJ & NY
Yzelman@MarcusZelman.com

# MARCUS ZELMAN, LLC
ATTORNEY & COUNSELLOR AT LAW
Tel: (732) 695-3282
Fax: (732) 298-6256
www.MarcusZelman.com

NEW JERSEY OFFICE:
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712

NEW YORK OFFICE:
1 Deer Run Road
Pomona, New York 10970

*All Correspondences to NJ Office

March 11, 2021

The Honorable United States District Judge Katherine Polk Failla
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
*Via ECF*

      **Re:**    **Jaquez v. Brilliant Home Technology, Inc.**
             **Civil Action No.: 1:20-cv-09855-KPF**

To the Honorable District Judge Failla,

      The undersigned represents the Plaintiff in the above referenced matter brought pursuant to the Americans with Disabilities Act (the ADA). Together with Defendant's counsel, we submit this joint letter and proposed Case Management Plan, in accordance with the Court's Order issued on December 15, 2020. (*See* ECF No. 6).

### (1) A Brief Statement Of The Nature Of The Action And The Principal Defenses;

Plaintiff:

      This is a case brought under the Americans with Disabilities Act (the ADA). The Plaintiff experienced accessibility issues when navigating the Defendant's public website with the use of his screen-reading software, and maintains that the Defendant's incompatibility with such aids renders it inaccessible to non sighted individuals.

      Plaintiff seeks injunctive relief to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* and the N.Y.C. Administrative Code § 8-107. Plaintiff further seeks injunctive relief requiring Defendant to take all the steps necessary to make its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals. Plaintiff further seeks class certification, as well as attorneys fees and costs.

Defendant:

      Defendant denies that its website is not fully accessible to visually-impaired individuals or that it has otherwise violated any applicable law, including the ADA and the N.Y.C. Administrative Code. Defendant contends that its website is and has been appropriately accessible

to Plaintiff and other visually impaired individuals using screen reading software and is in all respects otherwise compliant with the ADA. Defendant further contends that this action is premature as the relevant legal authorities have not yet enacted, adopted, or promulgated specific standards for website accessibility.

Defendant further contends that this action is not appropriately certified as a class action under Fed. R. Civ. P. 23 as the alleged class is not, *inter alia*, sufficiently numerous or ascertainable.

### (2) A Brief Explanation Of Why Jurisdiction And Venue Lie In This Court;

Plaintiff: This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because the Plaintiff resides in this district and was harmed in this district.

Defendant: Defendant concedes that foregoing is an accurate summary of the bases for venue and jurisdiction asserted in the Complaint. Defendant reserves all rights to challenge jurisdiction and/or venue at the appropriate time, as its deadline to move, answer or otherwise respond to the Complaint has not passed.

### (3) A Statement Of All Existing Deadlines, Due Dates, And/Or Cut-Off Dates;

None.

### (4) A Brief Description Of Any Outstanding Motions;

None at this time. Defendant will oppose any motion for class certification, and is considering the possibility of dispositive motions.

### (5) A Brief Description Of Any Discovery That Has Already Taken Place And Of Any Discovery That Is Necessary For The Parties To Engage In Meaningful Settlement Negotiations;

No discovery has taken place yet. The parties do not require any specific discovery before being able to engage in meaningful communications to explore the early resolution of this action without further litigation.

**(6) <u>A List Of All Prior Settlement Discussions</u>;**

None, as of this date. The Parties will continue to work diligently to reach an amicable resolution of their dispute.

**(7) <u>Any Other Information That The Parties Believe May Assist The Court;</u>**

None.

**(8) <u>Whether The Parties Believe That An Initial Pretrial Conference Is Necessary</u>;**

The parties agree that an Initial Pretrial Conference is not necessary in this case.

Respectfully submitted,

*/s/ Yitzchak Zelman, Esq.*
*Counsel for Plaintiff*