**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   12/6/2021
```

---

Ramon Jaquez, on behalf of himself and all
others similarly situated,

                                              Plaintiff,

                    -against-

Brilliant Home Technology, Inc.,

                                              Defendant.

---

1:20-cv-09855 (KPF) (SDA)

<u>ORDER</u>

**STEWART D. AARON, United States Magistrate Judge:**

This matter has been referred to the undersigned for an inquest regarding damages and the propriety of injunctive relief following Defendant's default. (*See* ECF Nos. 25 & 26.) Accordingly, it is hereby as follows:

1.  No later than December 20, 2021, Plaintiff shall file a submission regarding the relief he seeks with citations to appropriate legal authority.[1]

2.  No later than December 27, 2021, Plaintiff shall serve Defendant with a copy of its submission at both addresses set forth in Defendant's former counsel's motion to withdraw (*see* ECF No. 20) and file proof of service on the docket. Plaintiff shall include with such service a copy of this Order.

3.  Defendant shall send to Plaintiff's counsel and file with the Court its response, if any, to Plaintiff's submissions no later than January 10, 2022.

---

[1] Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. Counsel should also provide the number of years they have been admitted to the bar and their hourly rate.

The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted).  To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

**SO ORDERED.**

DATED:      New York, New York
            December 6, 2021

_____
STEWART D. AARON
United States Magistrate Judge