IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMON JAQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>BRILLIANT HOME TECHNOLOGY, INC.,<br><br>Defendants. | Civil Case Number:<br>1:20-cv-09855-KPF-SDA |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

MARCUS ZELMAN, LLC

Yitzchak Zelman, Esq.
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:       (732) 695-3282
Fax:         (732) 298-6256
*Attorney for the Plaintiff*
*Ramon Jaquez*

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in support of Plaintiff's Motion for Default Judgment, pursuant to FRCP 55. This is a case filed under the Americans with Disabilities Act (the ADA), and New York City's corollary, the New York City Human Rights Law (the NYCHRL). Plaintiff is a blind individual, who brought this case after encountering accessibility barriers while trying to use his screenreader software to shop on Defendant's website www.brilliant.tech. After initially appearing in this action and pretending to participate in discovery over the past year, the Defendant subsequently decided to ignore this action, causing its counsel to withdraw its representation from this case. As a result, the Court entered a default judgment against the Defendant, and found the Defendant liable for violating the ADA and the NYCHRL. *See,* Docket 25.

Per the Court's Order, "the only remaining issues are thus a determination of damages and the propriety of injunctive relief." *See id.* As discussed below, Plaintiff asks that the Court allow for injunctive relief, recovery of compensatory damages, and recovery of attorneys' fees and costs. The legal support for each of those claims are addressed, in turn, below.

**ARGUMENT**

**A. Plaintiff's Claim For Injunctive Relief.**

The Complaint filed in this action seeks injunctive relief, enjoining Defendant from violating the ADA and the NYCHRL, and requiring Defendant to take all the steps necessary to make its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals. *See,* Docket 1. "The ADA provides a private right of action for injunctive relief." *Thorne v. Formula 1 Motorsports, Inc.*, No. 19-CV-1077 (JPO), 2019 WL 6916098, at *3

1

(S.D.N.Y. Dec. 19, 2019), citing 42 U.S.C. § 12188(a)[1]. As set forth in the Complaint, Plaintiff will continue to be denied equal access to the Defendant's online store unless such injunctive relief is awarded. *See,* Docket 1, ¶28, 33. The Courts have uniformly allowed the injunctive relief requested here in similar ADA-website cases when a defendant has defaulted. *See Thorne*, 2019 WL 6916098, at *3. ("Thorne's request for injunctive relief is granted. Formula 1 is ordered to take all necessary steps to bring its website into compliance with the ADA and its implementing regulations"); *Dominguez v. New York Equestrian Ctr., Ltd.*, No. 18-CV-9799 (AJN), 2020 WL 5796275, at *3 (S.D.N.Y. Sept. 28, 2020)(same); *Winegard v. Crain Commc'ns, Inc.*, No. 20-CV-01509 (AJN), 2021 WL 1198960, at *3 (S.D.N.Y. Mar. 30, 2021)(same). It is therefore respectfully submitted that the requested injunctive relief is appropriate here.

### B. Plaintiff's Claim For Compensatory Damages.

Although the ADA does not provide for compensatory damages, a plaintiff is entitled to compensatory damages under the NYCHRL. *See e.g., Chavez v. L2 Liu Inc.*, 2021 WL 1146561, at *8 (E.D.N.Y. Feb. 26, 2021), report and recommendation adopted as modified, 2021 WL 1146040 (E.D.N.Y. Mar. 25, 2021), citing *Manswell v. Heavenly Miracle Academy Serv's, Inc.*, No. 14-CV-7114, 2017 WL 4075180, at *2 (E.D.N.Y. 2017). *See also,* N.Y. Admin. Code. § 8-502(a). In this action, Plaintiff requests compensatory damages of $1,000, which is exactly in line with what the courts have awarded ADA plaintiffs who encountered accessibility barriers on websites, without suffering any other harm.

---

[1] The statute provides that "In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . ." 42 U.S.C. § 12188(a)(2).

"The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish 'any particular damages other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.'" *Chavez v. L2 Liu Inc.*, 2021 WL 1146561, at *8, citing *Kreisler v. Second Ave. Diner Corp.*, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), aff'd, 731 F.3d 184 (2d Cir. 2013). For that reason, the courts have uniformly awarded $1,000 to individuals who were exposed to discrimination on the basis of their disability but who demonstrate no other harm. *See id. See also, Chavez v. 25 Jay St. LLC,* 2021 WL 982865, at *7 (E.D.N.Y. Feb. 24, 2021), report and recommendation adopted, 2021 WL 980257 (E.D.N.Y. Mar. 16, 2021); *Winegard v. Crain Commc'ns, Inc.*, No. 20-CV-01509 (AJN), 2021 WL 1198960, at *3 (S.D.N.Y. Mar. 30, 2021)("The Court deems $1,000 sufficient because Plaintiff has not established that he was harmed outside of the bare fact of discrimination"); *Panarese v. Sell It Soc., LLC*, 2020 WL 4506730, at *5 (E.D.N.Y. July 2, 2020), report and recommendation adopted, 2020 WL 4505703 (E.D.N.Y. Aug. 5, 2020)(awarding $1,000 in compensatory damages and noting that "following the New York City Human Rights Commission's recommendation, courts in this circuit find an award of $1,000 to be appropriate in similar cases"); *Sofia v. L&R Corp.*, 2020 WL 2611015, at *1 (E.D.N.Y. May 22, 2020); *Shariff v. Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *7 (E.D.N.Y. Dec. 20, 2013); *Bay of Bengal Kabob Corp.*, No. 12 CV 920, 2013 WL 867429, at *13 (E.D.N.Y. Feb. 6, 2013) (awarding $1,000 to compensate plaintiff for "damages reasonably incurred by ... being unable to enjoy a meal at Defendant's [property] because of architectural barriers"), report and recommendation adopted as modified, 2013 WL 867420 (E.D.N.Y. Feb. 6, 2013); *Kreisler*, 2012 WL 3961304, at *15 (awarding $1,000). For these reasons, the Plaintiff respectfully requests $1,000 in compensatory damages be awarded under the NYCHRL.

### C. Plaintiff's Claim For Attorney's Fees And Costs.

Both the ADA and city law allow a prevailing party in an action to recover reasonable attorneys' fees, including litigation expenses and costs. See, *Dominguez v. New York Equestrian Ctr., Ltd.*, No. 18-CV-9799 (AJN), 2020 WL 5796275, at *4 (S.D.N.Y. Sept. 28, 2020), citing 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(f). The Second Circuit bases fee awards on the "presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). Courts calculate the presumptively reasonable fee according to the "lodestar" method by "multiplying the number of hours reasonably billed ... by the appropriate hourly rate." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 n.4 (2d Cir. 2008). The appropriate hourly rate is the rate a "reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County. of Albany*, 522 F.3d 182, 184 (2d Cir. 2007).

In this action, the Plaintiff's counsel has submitted a printout of the records maintained by its billing software, which is maintained contemporaneously with billed activities. *See,* Exhibit A. Although the claim in this action was relatively simple and straightforward, the Defendant consistently delayed this case by repeatedly refusing to comply with its discovery obligations until its counsel was finally forced to withdraw from the case. Because of the Defendant's machinations, it is respectfully submitted that the 20.8 hours expended by Plaintiff's counsel was a reasonable amount of hours to be expended in the litigation of this action. Plaintiff's counsel does not double-bill or assign multiple counsel to review the same document. The work listed on the attached printout represent the actual time that Plaintiff's counsel spent litigating this action over the past thirteen months.

It is further respectfully submitted that the hourly rate requested by the Plaintiff's counsel in this action is reasonable. This action was litigated by a single attorney, Yitzchak Zelman, Esq.,

a partner at Marcus & Zelman, LLC. The qualifications and expertise of Mr. Zelman is fully set forth his Declaration attached hereto. Mr. Zelman requests an hourly rate of $400 per hour for his work in this case. As discussed in his accompanying Declaration, Mr. Zelman does have a number of paying hourly clients, who consistently pay his hourly rate of $400-$450 per hour for his services.

Furthermore, these exact requested hourly rates have been repeatedly awarded to Mr. Zelman over the past two years. Thus, in *Coulter v. Receivable Management Systems,* 2:17-cv-03970-JS [Docket 52] (E.D.Pa. June 4, 2020), the Honorable Chief Judge Juan Sanchez approved Mr. Zelman's requested hourly rate of $450 per hour in an FDCPA class action. Similarly, in *Richardson v. Verde Energy,* 5:15-cv-06325-WB [Docket 140] (E.D.Pa. May 19, 2020), the Honorable Judge Wendy Beetlestone also approved this same requested hourly rate for Mr. Zelman in a TCPA class action. This exact same requested rate was awarded to Mr. Zelman in New Jersey in both *Manopla v. Home Depot,* 3:15-cv-01120-PGS-TJB [Docket 107] (D.N.J. Feb. 24, 2020) and in *Martin v. Receivable Management Systems, Inc.,* 1:18-cv-09359-RMB-KMW [Docket 24] (D.N.J. January 7, 2020).

Caselaw reflects that Mr. Zelman's requested hourly rate of $400 per hour is also squarely in line with the hourly rates awarded in this District to ADA and civil rights attorneys with similar levels of experience. *See e.g., Winegard v. Crain Commc'ns, Inc.*, No. 20-CV-01509 (AJN), 2021 WL 1198960, at *4 (S.D.N.Y. Mar. 30, 2021)(noting that "the prevailing rate in the Southern District for ADA cases is around $400" and awarding the requested hourly rate of $385 per hour). After graduating from law school in 2012, Mr. Zelman was admitted to practice in New Jersey in 2012, and has been admitted to practice in New York since 2013. He has litigated over 1,000 cases

in the federal courts, including through class certification, summary judgment and trial. He has briefed and argued appeals before the Second, Third, Ninth and Eleventh Circuit Courts.

Just several months ago, a higher hourly rate of $450 per hour was found to be reasonable for a civil rights attorney with the exact same experience levels in this District. *See, Jones v. City of New York,* No. 16CV8080JGKKNF, 2021 WL 3773460 (S.D.N.Y. Aug. 24, 2021). In that case, the court found that a civil rights attorney, who graduated from Brooklyn Law School in 2012 and who was admitted to practice law in 2013, was not entitled to an hourly rate of $500 per hour, but that an hourly rate of $450 per hour was reasonable. *See id.,* at *18 citing *Field v. Metro. Transp. Auth.*, No. 20-CV-928, 2021 WL 22817, at *2-3 (S.D.N.Y. Jan. 4, 2021)(finding that a $400 hourly rate was reasonable for Samuel DePaola, "a named partner at Sim & DePaola, LLP, because he is an attorney with 'comparatively limited experience,' practicing for nine years, including practicing civil rights cases for five years"); *Ortiz v. City of New York*, No. 15-CV-2206(DLC), 2020 WL 755878, at *5 (S.D.N.Y. Feb. 14, 2020)(noting that "for experienced attorneys, hourly rates of $300-400 are unremarkable in civil rights cases in the Southern District").

Multiplying Mr. Zelman's requested hourly rate of $400.00 per hour by the 20.8 hours expended in this matter results in a fee award of $8,320.00. Plaintiff is also entitled to recovery of his out-of-pocket costs. *See, Winegard v. Crain Commc'ns, Inc.,* No. 20-CV-01509 (AJN), 2021 WL 1198960, at *4 (S.D.N.Y. Mar. 30, 2021)(noting that both the ADA and the NYCHRL allow for the recovery of costs and that "Plaintiff may therefore recover the costs it incurred in this litigation, including a $400 filing fee and a $109.50 process service fee"). Here, Plaintiff's expenses consists of the $400.00 filing fee, and the $79.00 spent on service of process. *See,* Exhibit A. This results in a total fee award of $8,799.

**CONCLUSION**

For the reasons set forth above, it is respectfully submitted that Plaintiff's Motion for Default Judgment should be granted in its entirety. Plaintiff prevailed in this action by obtaining a finding that the Defendant's failure to maintain an accessible Website violates both the ADA and the NYCHRL. Injunctive relief should be awarded so that the Defendant actually makes the necessary changes to its Website, in order to avoid this discrimination from happening again in the future[2]. Compensatory relief in the amount of $1,000 should be awarded to compensate the Plaintiff for the indignity he suffered as a result of the Defendant's disregard for the law. Finally, the Plaintiff should be permitted to recoup the $8,799 in attorneys' fees and expenses reasonably incurred in this action, for a total award of $9,799.

Dated: December 20, 2021

                                        Respectfully submitted,

                                        By:  /s/ Yitzchak Zelman_____
                                        Yitzchak Zelman, Esq.
                                        Marcus Zelman, LLC.
                                        *Attorney for the Plaintiff Ramon Jaquez*

---

[2] To date, no meaningful changes or accessibility accommodations have been made to the Defendant's website, indicating that Defendant's disregard for the law will persist until it is compelled to change its ways.