USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ramon Jaquez, on behalf of himself and all others similarly situated,

        Plaintiff,

-against-

Brilliant Home Technology, Inc.,

        Defendant.

1:20-cv-09855 (KPF) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE KATHERINE POLK FAILLA, UNITED STATES DISTRICT JUDGE:**

Before the Court is a motion by Plaintiff Ramon Jaquez ("Plaintiff" or "Jaquez") against Defendant Brilliant Home Technology, Inc. ("Defendant" or "BHT") seeking injunctive relief, compensatory damages, attorneys' fees and costs. (Pl.'s Mot., ECF No. 30.) For the reasons set forth below, I respectfully recommend that Plaintiff's motion be GRANTED.

**BACKGROUND**

On November 23, 2020, Jaquez, a blind, visually-impaired handicapped person, filed his Complaint in this action alleging that BHT violated the Americans With Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* ("ADA") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL"). (*See* Compl., ECF No. 1, ¶¶ 18, 41-61.) Jaquez alleges, *inter alia*, that he visited BHT's website (the "Website") and that the Website "includes multiple barriers making it impossible for himself, and any other visually impaired or blind person, from enjoying access to the Website's content equally to that of a sighted user." (*See id*. ¶ 24.) Jaquez sought compensatory damages, attorneys' fees and costs and a permanent injunction requiring BHT to take all the steps

necessary to make its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals. (*See* Compl., Prayer for Relief, at 12-13.)

On November 24, 2020, the Summons and Complaint were served on BHT. (*See* Aff. of Service, ECF No. 5.) On December 23, 2020, Timothy Jon Straub appeared as counsel on behalf of BHT. (*See* 12/23/20 Not. of Appearance, ECF No. 7.) On February 11, 2021, an Answer was filed on behalf of BHT. (*See* Answer, ECF No. 13.) On March 12, 2021, a Scheduling Order was entered (*see* Sch. Order, ECF No. 16), and discovery then ensued. On July 19, 2021, Karla Del Pozo Garcia also appeared as counsel on behalf of BHT. (*See* 7/19/21 Not. of Appearance, ECF No. 18.)

On October 20, 2021, Mr. Straub and Ms. Garcia filed a motion to withdraw as counsel for BHT, explaining that "[d]espite numerous and varied attempts to contact [BHT] in order to comply with the current discovery process and upcoming court deadlines, [BHT] ha[d] not responded to any of [their] attempts to move [the] case forward." (Mot. to Withdraw, ECF No. 20, ¶ 2.) On October 27, 2021, the Court entered an Order granting defense counsel's motion to withdraw. (*See* 10/27/21 Order, ECF No. 22.) In the Order, the Court noted that BHT was a business entity that cannot proceed in this Court without counsel, and thus directed that BHT secure new counsel and that new counsel file notice their appearance on or before November 29, 2021. (*See id*.) However, no new counsel appeared for BHT.

On December 6, 2021, the Court entered an Amended Order in which it entered a default judgment against BHT. (12/6/21 Am. Order, ECF No. 25.)[1] The Court stated: "Accepting all

---

[1] An Order had been entered on December 2, 2021 at ECF No. 23, which this December 6 Order amended.

2

allegations in Plaintiff's Complaint as true, the Court also finds Defendant liable to Plaintiff for violations of the Americans with Disabilities Act and the New York City Human Rights Law." (*Id*.) The Court further stated that the "only remaining issues" of "a determination of damages and the propriety of injunctive relief" would be referred to a magistrate judge for an inquest. (*Id*.) Also on December 6, 2021, an Amended Order was entered referring this case to me for an inquest.[2] (12/6/21 Am. Order of Ref., ECF No. 26.)

On December 6, 2021, an Order was entered by me directing that Jaquez file a submission regarding the relief he seeks with citations to appropriate legal authority. (My 12/6/21 Order, ECF No. 27, at 1.) My Order required Jaquez to serve his submission on BHT no later than December 27, 2021, and required BHT to send to Jaquez's counsel and file with the Court its response, if any, to Jaquez's submissions no later than January 10, 2022. (*See id*.) The Order also "notifie[d] the parties that [the Court] may conduct th[e] inquest based solely upon the written submissions of the parties." (*Id*. at 2 (citations omitted).)

On December 20, 2021, Jaquez filed the pending motion for a default judgment and supporting papers. (*See* Pl.'s Mot.; Pl.'s Mem., ECF No. 31; Zelman Decl., ECF No. 32.) On December 27, 2021, Jaquez timely filed proof of service of his papers on BHT. (*See* Cert. of Service, ECF No. 33.) To date, BHT has filed no response.

---

[2] An Order of Reference had been entered on December 2, 2021 at ECF No. 24, which this December 6 Order amended.

3

**DISCUSSION**

The only issues remaining to be decided are "a determination of damages and the propriety of injunctive relief." (*See* 12/6/21 Am. Order.)

I.   **Damages**

A plaintiff is entitled to compensatory damages under the NYCHRL. *See* N.Y. Admin. Code. § 8-502(a). "Even when a default judgment is warranted based on a party's failure to defend," the plaintiff still has the burden to prove damages with a "reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Here, the plaintiff has failed to "establish any particular damage" other than the bare fact of discrimination. *Kreisler v. Second Ave. Diner Corp.*, No. 10-CV-07592 (RJS), 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), *aff'd*, 731 F.3d 184 (2d Cir. 2013). In such cases, the New York City Human Rights Commission has deemed awards of up to $1,000.00 to be sufficient to compensate a complainant for the injury that "a decent and reasonable individual would suffer when faced with such ignorant behavior." *Id*. (quoting *Okoumou v. Cnty. Recovery Corp.*, 2009 WL 6910263, at *2 (N.Y.C. Com. Hum. Rts. June 1, 2009)).

In the present case, Plaintiff requests $1,000.00 in damages. (*See* Pl.'s Mem. at 3.) "Although Plaintiff has not established any particular damages other than that he feels discriminated against because he is unable to access the [Website], the Court finds that such harm warrants compensation." *Kreisler*, 2012 WL 3961304, at *15. Accordingly, I recommend that the Court award $1,000.00 in damages.

## II. Injunctive Relief

Plaintiff seeks an injunction requiring Defendant to come into compliance with the ADA. (Compl. at 12; Pl.'s Mem. at 1-2.) The ADA provides a private right of action for injunctive relief. *See* 42 U.S.C. § 12188(a). Accordingly, Plaintiff's request for injunctive relief should be granted and Defendant should be ordered to take all necessary steps to bring its Website into compliance with the ADA and its implementing regulations. *See Thorne v. Formula 1 Motorsports, Inc.*, No. 19-CV-01077 (JPO), 2019 WL 6916098, at *3 (S.D.N.Y. Dec. 19, 2019) (ordering such relief in default judgment).

## III. Attorneys' Fees And Costs

Plaintiff also seeks attorneys' fees and costs. (*See* Pl.'s Mem. at 4-6.) Both the ADA and the NYCHRL allow a prevailing party in an action to recover reasonable attorneys' fees, including litigation expenses and costs. *See* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(f). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 552 F.3d 182, 186 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Plaintiff has submitted contemporaneous billing records, which reflect a total of 20.8 hours billed at a rate of $400.00 per hour. (*See* Zelman Decl., Ex. A, ECF No. 32-1.) The Court finds that counsel's hourly rate is reasonable. *See Winegard v. Crain Commc'ns, Inc.*, No. 20-CV-01509 (AJN), 2021 WL 1198960, at *4 (S.D.N.Y. Mar. 30, 2021) ("the prevailing rate in the Southern District for ADA cases is around $400"). Having reviewed the billing records, the Court also finds

5

that the number of hours billed is reasonable. Thus, I recommend that Plaintiff be awarded $8,320.00 in attorneys' fees.

Plaintiff's request for litigation costs (filing fee and service fee) is reasonable. The Court accordingly recommends that Plaintiff be awarded $479.00 in litigation costs.

## **CONCLUSION**

By reason of the foregoing, I respectfully recommend that Plaintiff's motion be GRANTED and that he be awarded $1,000.00 in damages, plus $8,320.00 in attorney's fees and $479.00 in costs. I further recommend that injunctive relief be granted as set forth herein.

The Clerk of Court is respectfully requested to serve Defendant with a copy of this Report and Recommendation at the following two addresses:

Brilliant Home Technology, Inc.
762 Judith Ct.
Incline Village, NV 89451

Brilliant Home Technology, Inc.
21162 White Pine Ln.
Parker, CO 80138

**SO ORDERED.**

Dated:   New York, New York
         January 12, 2022

*Stewart D. Aaron*
_____
STEWART D. AARON
United States Magistrate Judge

*     *     *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)

and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Failla.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).